**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

            CASE NO. 05-80750
   Plaintiff,            HON. LAWRENCE P. ZATKOFF

v.

RICHARD LEE THOMPSON,

   Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on February 7, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant's (1) Motion for Disclosure of Relevant Documents/Statements of Individuals who are not Prospective Prosecution Witnesses, (2) Motion for Discovery and Disclosure of Brady Materials, (3) Motion to Compel Retention of All Investigating Agents' Rough Notes, and (4) Motion to Reserve the Right to File Additional Motions. The Government has responded.  On December 16, 2005, the case was reassigned from Judge Feikens to this Court.  The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted.  For the reasons set forth below, Defendant's Motions for Discovery are

DENIED.[1]

## II. ANALYSIS

On December 6, 2005, Defendant Richard Lee Thompson filed three motions seeking discovery in this criminal case: (1) Motion for Disclosure of Relevant Documents/Statements of Individuals who are not Prospective Prosecution Witnesses, (2) Motion for Discovery and Disclosure of Brady Materials, (3) Motion to Compel Retention of All Investigating Agents' Rough Notes. As the Government does not oppose the production of the requested Brady Materials, the Court will not address Defendant's *Brady* Motion.

**A. Motion to Disclose Relevant Documents/Statements of those not Prosecution Witnesses**

By this Motion, Defendant requests the disclosure of "those statements of individual(s) the government in good faith does not intend to call at trial." Defendant asserts that its request is consistent with Fed. R. Crim. P. 16. The Court disagrees.

Rule 16 outlines those items that are subject to discovery, including statements made by the defendant, defendant's prior record, and documents and objects that the Government intends to use in its case-in-chief. In addition to Rule 16, and pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), the Government is required to produce evidence favorable to the accused. The Government has asserted that it will comply with the requirements of *Brady* and Rule 16.

The Court finds that a broad discovery order permitting the discovery of documents/statements of non-witnesses is not consistent with Rule 16 and is not necessary in the present case. *See U.S. v. Carter*, 621 F.2d 238, 240 (6th Cir. 1980) ("[T]he United States is

---

[1] The Court neither grants nor denies Defendant's Motion to Reserve the Right to File Additional Motions. The Court takes notice of Defendant's intention to file dispositive motions if necessary.

generally under no duty to provide the statement of a government witness until that witness has testified on direct examination in the case.")  Additionally, pursuant to *Brady*, the Government is already required to produce any exculpatory evidence.  Accordingly, the Court HEREBY DENIES Defendant's Motion for Disclosure of Relevant Documents/Statements of Individuals who are not Prospective Prosecution Witnesses.

**B. Motion to Compel Retention of Investigating Agents' Rough Notes**

Defendant relies on *United States v. Harris*, 543 F.2d 1247, 1248 (10th Cir. 1976), and requests that this Court order the Government to preserve its agents rough notes in this case. *See id*. (Stating that the routine disposal of interview notes "amounts to a usurpation of the judicial function of determining what evidence must be produced in a criminal case."). The Court disagrees.

In *U.S. v. McCallie*, 554 F.2d 770, 773 (6th Cir. 1977), the Sixth Circuit stated that the destruction of interview notes after the preparation of a report does not violate either the Jencks Act or *Brady v. Maryland*, 373 U.S. 83 (1963).  In *McCallie,* the Sixth Circuit also took note of the Tenth Circuit's ruling in *Harris*, but nevertheless chose not to implement a similar ruling in the Sixth Circuit.  Accordingly, and pursuant to *U.S. v. McCallie* and the law of this Circuit, the Court HEREBY DENIES Defendant's Motion to Compel Retention of All Investigating Agents' Rough Notes.

3

### III. CONCLUSION

For the above reasons, the Court HEREBY DENIES Defendant's Motion for Disclosure of Relevant Documents/Statements of Individuals who are not Prospective Prosecution Witnesses and Motion to Compel Retention of All Investigating Agents' Rough Notes. Pursuant to the Government's assertion that it will produce *Brady* Materials, the Court believes that no further order is necessary regarding Defendant's Motion for Discovery and Disclosure of Brady Materials.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: February 7, 2006

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 7, 2006.

s/Marie E. Verlinde
Case Manager
(810) 984-3290